■ RAE LEIFER, Respondent, v PHILIP LEIFER, Appellant.—Order, Supreme Court, Bronx County, entered October 2, 1975, denying defendant's motion to disaffirm the report of the Special Referee and granting plaintiff's cross motion to confirm the report of the referee, unanimously affirmed, without costs or disbursements. There is no challenge made to the facts as found by the referee, and accordingly no basis exists for disturbing the award of alimony as granted. Concur—Murphy, J. P., Birns, Silverman, Lane and Nunez, JJ.

■ TUCK INDUSTRIES, INC., Respondent, v MAYFAIR MILLS, Appellant.—Order, Supreme Court, New York County, entered October 17, 1975, referring petitioner's motion to stay arbitration and respondent's cross motion to compel arbitration to a Special Referee "to hear and report together with recommendations upon the threshold issue of whether a valid agreement to arbitrate was made", unanimously affirmed, with $40 costs and disbursements to respondent. Respondent Mayfair Mills' New York selling agent, Joshua L. Bailey & Co., Inc., submitted to petitioner for signature an order form of respondent signed by the selling agent. In addition to providing for arbitration, the order form contained, *inter alia,* a paragraph stating: "This order will become a binding contract when signed and returned by buyer to seller and accepted in writing by seller or when buyer has accepted delivery of the whole or any part of the goods herein described". It does not appear, nor is it claimed on this record that the condition above quoted was fulfilled. Respondent relies solely on the signature of its selling agent, affixed prior to the order's submission to petitioner. This is not sufficient in and of itself in the context of the instant submission to warrant relief in respondent's favor compelling arbitration. Parenthetically, it is noted that petitioner Tuck Industries, Inc., has not cross-appealed. Concur—Markewich, J. P., Murphy, Lupiano, Capozzoli and Nunez, JJ.